

**ORDERED in the Southern District of Florida on January 7, 2015.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:
ANGEL OSCAR CABALLERO CURET             CASE NO.: 14-BK-34509-RAM
NIUVYS ROSALES REYES                    CHAPTER: 13

    Debtors.
_____/

**AGREED ORDER GRANTING DEBTORS' MOTION TO VALUE AND DETERMINE**
**SECURED STATUS OF LIEN ON REAL PROPERTY**
**HELD BY JPMORGAN CHASE BANK**
(*re* 6990 NW 177 Street Apt J103, Hialeah, FL  33015)

THIS CAUSE came before the Court without hearing upon the Debtor's *Motion to Value and Determine Secured Status of Lien on Real property held by JPMorgan Chase Bank* (DE 23; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, noting agreement of parties, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at 6990 NW 177 Street Apt J103, Hialeah, FL 33015, and more particularly described as:

**CONDOMINIUM PARCEL NO. 64, BUILDING 33, OF SHOMA VILLAS I AT COUNTRY CLUB OF MIAMI, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 21283, PAGE 1, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA; TOGETHER WITH AN UNDIVIDED SHARES IN THE COMMON ELEMENTS APPURTENANT THERETO.**

is $94,490.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of JPMorgan Chase Bank, N.A. (the "Lender") is $257,949.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.
2. Lender has an allowed secured claim in the amount of $0.00.
3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on August 24, 2007 at OR BOOK 25879, Pages 3994-4007, of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtors' discharge in this Chapter 13 case. If this case is converted to a case under any other chapter or if the Chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]
4. (Select only one):

    X   Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such

        secured claim, regardless of the original classification in the proof of claim as filed.

or

    ___ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court, except when the Chapter 13 case is closed and the Debtors receive a discharge.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtors receive a discharge in this Chapter 13 case.

###

Jeffery S. Fraser, Esq.
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743 ext. 2499
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

Attorney Jeffery S. Fraser is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.